IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MICHAEL MARCUS, | No. C14-03769 CRB |
| Petitioner | **ORDER TO SHOW CAUSE** |

Petitioner Michael Marcus, who has served a state court sentence and remains on probation for sexual battery and for annoying of molesting a child under the age of 18 per California Penal Code Sections 242/243.4(E) and 647.6(A), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See generally Petition (dkt. 1). Petitioner argues that (1) he received ineffective assistance of counsel; (2) his misdemeanor counts violated the statute of limitations; (3) his counsel fraudulently induced him to waive his right to a jury trial; (4) his probation condition violates his constitutional rights; (5) the requirement that he register as a sex offender violates the Equal Protection Clause; and (6) the illegal touching by the complaining witnesses was ambiguous. Id. at 19-58.

A court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner who is on probation at the time of filing is considered in custody. See Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005); cf. United States v. Span, 75 F.3d 1383, 1386 n.5 (9th Cir. 1996) (probation establishes custody for purposes of 28 U.S.C. § 2255) . A court

shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

    The Court has reviewed the petition and finds good cause to proceed. Accordingly,

    1.    The Clerk of the Court shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner's counsel.

    2.    Respondents shall file with this Court and serve upon the Petitioner, within sixty (60) days of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondents shall file with the answer a copy of all portions of the state trial and appellate record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

    3.    If the Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it upon the Respondents within thirty (30) days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: November 3, 2014

    CHARLES R. BREYER
    UNITED STATES DISTRICT JUDGE