1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE MICHAEL MARCUS,

          Petitioner,

  v.

UNITED STATES OF AMERICA,

          Respondent.

_____/

No. C14-03769 CRB

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
DISMISS**

Petitioner Michael Marcus, convicted after a bench trial in Santa Clara County Superior Court on four counts of sexual battery and one count of annoying or molesting a child, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Respondent, the United States of America, argues that the Petition must be dismissed because Marcus has failed to exhaust five of the claims advanced in his Petition. See MTD (dkt. 14) at 2. The Government further argues that three of Marcus's claims must also be dismissed because they fail to state a federal constitutional claim. For the reasons set forth below, the Court GRANTS in part and DENIES in part the Government's Motion to Dismiss.

**I.     BACKGROUND**

Marcus is a dentist accused of inappropriately touching, and in one instance making inappropriate comments about, the breasts of several female patients during dental procedures. MTD Ex. 6 at 1. Marcus pled not guilty and waived his right to a jury. Pet. (dkt. 1) at 3. After a bench trial, the court found Marcus guilty of four counts of violating California Penal Code §§ 242–243.4(e)(1), Sexual Battery, and one count of violating California Penal Code § 647.6(a), Annoying or Molesting a Child. MTD Exs. 6, 3. The court denied Marcus's motion for a new trial and sentenced Marcus to four months of county jail, three months of electronic monitoring, and three years of probation. Id. Ex. 4. The court also ordered Marcus to register as a sex offender, and

1

2    prohibited him from practicing dentistry as of November 28, 2011.  Id.  Marcus has served his

3    state court sentence and remains on probation.  Pet. at 4, 12.

4         Marcus's appeal to the Appellate Division of the Santa Clara Superior Court was

5    unsuccessful, and the judgment was affirmed on June 18, 2013.[1]  MTD Ex. 6.

6         On July 23, 2013, the Appellate Division denied Marcus's petition for "Rehearing or in the

7    Alternative to Transfer Matter to the Court of Appeal."  Id. Ex. 7.

8         On August 2, 2013, Marcus filed a petition in the California Court of Appeal, asking to

9    transfer his appeal, but the court denied it on August 19, 2013.  Id. Ex. 8.

10        Marcus filed the instant Petition for habeas relief on August 19, 2014, challenging his

11   conviction and sentence.  See generally Pet.  In his Petition, Marcus lists six issues in the "Issues

12   Presented" section: (1) ineffective and incompetent assistance of counsel; (2) that Count Three

13   violated the one year statute of limitations; (3) that counsel fraudulently induced Marcus to waive

14   his right to a jury; (4) that the probation condition prohibiting Marcus from practicing dentistry

15   violates his constitutional rights; (5) that the requirement that Marcus register as a sex offender

16   violates the Equal Protection Clause; and (6) that the illegal physical touchings described by the

17   complaining witnesses were ambiguous.  Id. at 2–3.

18        Marcus then discusses seven claims in the "Points of Authorities" section of his Petition:

19   (1) ineffective assistance of counsel for failing to investigate defense witnesses; (2) ineffective

20   assistance of counsel for fraudulently inducing Marcus to waive a jury trial; (3) that the alleged

21   touchings of the complaining witnesses were minimal; (4) that Count Three violated the statute of

22   limitations; (5) that defense counsel failed to present expert evidence that Marcus was not a sexual

23   predator; (6) that the probation requirement prohibiting Marcus from working as a dentist violates

24   the law; and (7) that the trial court improperly ordered Marcus to register as a sex offender in

25   violation of the Equal Protection Clause.  Pet. at 15–30.

26        On August 21, 2014, Marcus filed a petition for a writ of habeas corpus in the California

27

28   _____

     [1] In California, appeals for misdemeanor cases are heard by the appellate divisions of superior
     courts rather than by the courts of appeal.  See Cal. Pen. Code § 1466.

2

**United States District Court**
For the Northern District of California

1   Supreme Court for the purposes of exhausting state remedies.  MTD Ex. 9.  Marcus presented the

2   same six claims listed in the federal Petition's "Statement of Issues."  <u>See</u> <u>id.</u> Ex. 8.  However,

3   Marcus thoroughly discussed only two claims in his state petition: (1) ineffective assistance of

4   counsel for failing to investigate defense witnesses; and (2) ineffective assistance of counsel for

5   fraudulently inducing Marcus to waive a jury trial.  <u>Id.</u>

6        On October 22, 2014, the Supreme Court of California denied Marcus's state petition for

7   writ of habeas corpus, citing <u>People v. Duvall</u>, 9 Cal. 4th 464, 474 (1995) and <u>In re Swain</u>, 34 Cal.

8   2d 300, 304 (1949).  MTD Ex. 10.

9        On May 4, 2015, the Government filed a Motion to Dismiss the Petition.  <u>See generally</u>

10  MTD.  The Government argues that the Petition is procedurally defective because Marcus has not

11  exhausted state court remedies for five claims.  <u>Id.</u> at 5.  The Government further argues that three

12  of Marcus's claims fail to state a federal constitutional claim.  <u>Id.</u> at 6.  Marcus argues in his

13  Opposition that the Government should have sought leave from the Court to file the Motion to

14  Dismiss, that Marcus complied with Title 8 of the Appellate Rules, and that his claims are

15  exhausted.  <u>See generally</u> Opp'n (dkt. 15).[2]  Alternatively, Marcus asks that if the Court finds any

16  unexhausted claims, Marcus be given equitable tolling and leave to amend.  <u>Id.</u> at 5.  In its Reply,

17  the Government argues against equitable tolling but agrees that Marcus should be allowed to

18  amend his Petition.  Reply (dkt. 16) at 8–9.

19  **II.    LEGAL STANDARDS**

20       **A.    Procedural Ground for Motion to Dismiss**

21       Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas

22  Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition

23  and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

24  Habeas Rule 4.  The Ninth Circuit allows respondents to file a motion to dismiss in lieu of an

25  answer under certain circumstances.  <u>See, e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

26

27       [2]  The Opposition brief is not a model of clarity.  The Court was alarmed to note that the brief
    includes a paragraph referring to Marcus (a man) as "her" and discussing a murder count and exhaustion
28  before the Illinois Supreme Court, neither of which are part of this case.  <u>See</u> Opp'n at 4–5.  Such
    briefing does Marcus a disservice.

3

1  1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies);

2  <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1197–98 (9th Cir. 1983) (Rule 4 allows a district court to

3  dismiss summarily claims that do not allege a deprivation of federal rights.).[3]

4  **B.  Exhaustion of State Remedies**

5  A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6  petition for federal writ of habeas corpus must exhaust state court remedies before a federal court

7  may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526

8  U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, the petitioner must fairly present his

9  federal claims in the state courts to give the state the opportunity to pass upon and correct alleged

10  violations of the prisoner's federal rights.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (<u>per</u>

11  <u>curiam</u>).

12  In California, a habeas petitioner must fairly present his claims in a petition to the

13  California Supreme Court.  <u>See O'Sullivan</u>, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c));

14  <u>Gatlin v. Madding</u>, 189 F.3d 882, 888 (9th Cir. 1999) (applying <u>O'Sullivan</u> to California).  A

15  claim is fairly presented if the petitioner's claim adequately describes the factual basis and

16  identifies the federal legal basis for the claim.  <u>Henry</u>, 513 U.S. at 365 (legal basis); <u>Keeney v.</u>

17  <u>Tamayo-Reyes</u>, 504 U.S. 1, 7 (1992) (factual basis); <u>Gatlin</u>, 189 F.3d at 888.

18  To exhaust the factual basis for the claim, "the petitioner must only provide the state court

19  with the operative facts, that is, 'all of the facts necessary to give application to the constitutional

20  principle upon which [the petitioner] relies.'"  <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008)

21  (alteration in original).  It is not sufficient to raise only the facts supporting the claim; rather, "the

22  constitutional claim . . . inherent in those facts" must be brought to the attention of the state court.

23  <u>See Picard v. Connor</u>, 404 U.S. 270, 277 (1971).  To exhaust the federal legal basis for the claim, a

24  petitioner must specifically tell the state court that he is raising a federal constitutional claim.

25  <u>Henry</u>, 513 U.S. at 365–66; <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999).  State courts

26  must be notified that prisoners are asserting claims under the United States Constitution to be

27

28  _____

[3] In this case, upon obtaining an extension to respond to the Petition by way of answer or motion, the Government filed this Motion to Dismiss.  <u>See generally</u> Order Granting Extension (dkt. 13); MTD.

**United States District Court**
For the Northern District of California

given the opportunity to correct alleged violations of federal rights.  <u>Henry</u>, 513 U.S. at 365-66; <u>see, e.g.</u>, <u>Dye v. Hofbauer</u>, 546 U.S. 1, 4 (2005).

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 522 (1982).

## III.   DISCUSSION

### A.   Exhaustion

Marcus argues that he exhausted his claims because he followed California Rule of Court 8.508: "[a]fter decision by the Court of Appeal in a criminal case, a defendant may file an abbreviated petition for review in the Supreme Court for the sole purpose of exhausting state remedies before presenting a claim for federal habeas corpus relief."  Opp'n at 3 (quoting Cal. R. Ct. 8.508(a)).  According to that rule, Marcus needs only to have filed with the state court a statement that the petition is filed solely to exhaust state remedies for federal habeas purposes, a brief statement of the underlying proceedings, and a brief statement of the factual and legal bases of the claim.  <u>See</u> Cal. R. Ct. 8.508(b)(3).  Although Marcus might have meant to file "an abbreviated petition for review," he filed Form MC-275 ("Petition for Writ of Habeas Corpus"), and the California Supreme Court processed his petition as a Writ for Habeas Corpus.  <u>See</u> MTD Exs. 9–10.  Even if Marcus's filing was an "abbreviated petition for review," though, it would have the same exhaustion requirement:

> Subdivision (b)(3)(C) requires the petition to include a statement of the factual and legal bases of the claim.  This showing is required by federal law: "for purposes of exhausting state remedies, a claim for relief [in state court] . . . must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." (<u>Gray v. Netherland</u> (1996) 518 U.S. 152, 162–63, citing <u>Picard v. Connor</u> (1971) 404 U.S. 270.)  The federal courts will decide whether a petition filed in compliance with this rule satisfies federal exhaustion requirements, and practitioners should consult federal law to determine whether the petition's statement of the factual and legal bases for the claim is sufficient for that purpose.

Cal. R. Ct. 8.508 (Advisory Committee Comments).[4]

---

[4]  Marcus's Opposition states that this is a "<u>pro per</u> appeal."  Opp'n at 4.  For purposes of exhaustion, <u>pro per</u> petitions in state court are sometimes read differently from counseled petitions. <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).  However, Marcus is represented by counsel.

United States District Court
For the Northern District of California

1   This Court must therefore "independently . . . examine" Marcus's state habeas petition to

2   determine whether the claims were fairly presented to the California Supreme Court.  See Kim v.

3   Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986).  The five claims the government challenges are:

4   (1) that the alleged touchings of the complaining witnesses were minimal; (2) that Count Three

5   violated the statute of limitations; (3) that defense counsel failed to present expert evidence that

6   Marcus was not a sexual predator; (4) that the probation condition prohibiting Marcus from

7   practicing dentistry violated state law; and (5) that the requirement that Marcus register as a sex

8   offender was contrary to a California Supreme Court decision finding an equal protection

9   violation.  See MTD at 5.

### 1.   Alleged Touchings Were Minimal

11   The first claim from the federal Petition that the Government argues is unexhausted is that

12   the alleged touchings were minimal.  MTD at 5.  In Marcus's state habeas petition, under the

13   "Statement of Issues," Marcus states, "[t]he illegal physical touchings the three complaining

14   witnesses described Dr. Marcus committing are ambiguous.  Although the government's Evidence

15   Code Section 1108 witnesses were more insistent that fondling occurred, there were many

16   inconsistencies in their testimony."  Id. Ex. 9, Brief at 3.  Marcus also addresses this issue later in

17   the brief, stating, "There were three victims in the complaint who all testified that he brushed their

18   breasts.  However many of the stories had evolved since the time of the initial reports from

19   ambiguous touching by Dr. Marcus to overt fondling, breast grabbing and squeezing."  Id. at 7.

20   Marcus then gives an example: "Denise Doe's daughter sat in the room but did not, according to

21   Denise, notice Dr. Marcus grab her mother's breast, but later the daughter, according to Denise's

22   mother Pamela, said that she did see it."  Id.  Marcus's discussion of the touchings appears under

23   the heading, "Discussion of Important Question of Law, Validity of Defendant's Waiver of Jury

24   Trial; Ineffective Assistance of Counsel," id. at 4, and specifically in a section about ineffective

25   assistance of counsel based on Mr. Miller's having convinced Marcus to waive a jury trial, id. at

26   7–8.  Marcus's federal Petition similarly argues that Marcus's counsel was ineffective because the

27   case "could have been tried to a jury with the possibility of an acquittal because above all, the

28   touchings alleged by the three complaining witnesses were minimal."  Pet. at 26–27.

United States District Court
For the Northern District of California

1    The Government asserts that Marcus's listing of this claim in the state petition's statement

2 of issues without any accompanying facts or argument was insufficient for exhaustion.  Reply at 4.

3 While factual statements alone are insufficient for exhaustion, Marcus's discussion of the

4 ambiguous touchings in the state petition takes place in the context of his ineffective assistance of

5 counsel argument and is accompanied by multiple cites to Strickland v. Washington, 466 U.S. 668

6 (1984), MTD Ex. 9 at 14–17, 20.  This is sufficient to exhaust his claim.  See Sanders v. Ryder, 342

7 F.3d 991, 999–1001 (9th Cir. 2003) (finding ineffective assistance of counsel claim fairly presented

8 to state court despite failure to mention federal constitution or federal case law in state petition,

9 where petitioner was pro se, used the phrase "ineffective assistance of counsel" in his state

10 petition–which was consistent with phraseology used for Sixth Amendment claim–and cited

11 Strickland).  Thus, this claim is exhausted.

## 2.    Statute of Limitations

13    The second claim from the federal Petition that the Government argues is unexhausted is

14 that Count Three violated the statute of limitations.  MTD at 5.  In Marcus's state habeas petition,

15 under the "Statement of Issues," Marcus states, "Count III of the complaint violates the statute of

16 limitations.  Penal Code Section 802."  Id. Ex. 9, Brief at 2.  In the accompanying text, however,

17 Marcus only references this claim twice, both times in the context of ineffective assistance: (1) "Mr.

18 Miller missed the statute of limitations issue, and generally threw his client under the bus," id. at 8,

19 and (2) "He did not object at the bench trial or argue the statue [sic] of limitations barred one of the

20 victims.  This would have decreased the evidence against his client," id. at 11.  In Marcus's federal

21 Petition, he devotes two pages to this claim:

> At trial Latrice Doe, the alleged victim in Count III testified that the offense occurred in August, 2004. . . . The Complaint was filed August 18, 2005.  The prosecution failed to meet its burden to prove that the offense occurred after August 18, 2004. . . . Since a dispute over the statute of limitation must be strictly construed in favor of Michael Marcus, the conviction in Count III must either be reversed or returned to the trial court for further consideration. . . . California Penal Code Section 802 prohibited this prosecution.

26 Pet. at 27–28.  In the federal Petition, Marcus's claim is not raised in the context of an ineffective

27 assistance of counsel claim.  This is a close question because of the jumbled nature of the state

28 petition.  However, as the federal claim seems to depend on a different legal theory than what was

7

United States District Court
For the Northern District of California

1    argued in the state petition, this claim is not exhausted.[5]

2                **3.**      **Expert Evidence**

3         The third claim from the federal Petition that the Government argues is unexhausted is that

4 defense counsel failed to present expert evidence that Marcus was not a sexual predator.  MTD at 5.

5 Marcus raised this claim in the state petition as follows:

6         Mr. Miller did not consider raising defenses under the cases <u>Stoll</u> and <u>McAlpin</u>.  <u>Stoll</u>
        is the case that said that you can present expert testimony to say that an individual does
7         not fit the profile of somebody who would be a child molester or an adult molester . .
        . . Mr. Miller did not hire an expert witness to conduct a psychological profile of Dr.
8         Marcus.  Thus he could not present evidence at trial about his client's lack of
        predilection to fondle women patients.

9 MTD Ex. 9, Brief at 9.  The claim falls under the heading "Discussion of Important Question of

10 Law, Validity of Defendant's Waiver of Jury Trial; Ineffective Assistance of Counsel," <u>id.</u> at 4, and

11 in a section that also argues, "Arguably there is no way of knowing if the outcome of the trial could

12 have been different, or if Mr. Miller's abuses constituted harmless error but the government's

13 evidence arrayed against Dr. Marcus was less than overwhelming," <u>id.</u> at 10.  The state petition

14 thus clearly raises the failure to present expert evidence as part of an ineffective assistance of

15 counsel claim.

16         In the federal Petition, Marcus argued even more directly that counsel was ineffective for

17 failing to present expert testimony.  <u>See</u> Pet. at 28.  Under "4. Failure to Explore or Present <u>Stoll</u>

18 and <u>McAlpin</u> Evidence," Marcus stated:

19         Defense Counsel's failure to render effective assistance of counsel includes his failure to
20         present evidence from an expert witness that the defendant was not a sexual predator.
        <u>People v. Stoll</u> . . . .  Likewise counsel failed to present character evidence although
21         defendant provided him with a host of character witnesses . . . as provided under <u>People</u>
        <u>v. McAlpin</u> . . . .  The trial court would have allowed such testimony upon an adequate
22         foundational showing . . . Counsel did not consult with any professional experts . . . and
        we know the <u>Stoll</u> evidence would have been favorable . . . .

23 <u>Id.</u>  Marcus presented this ineffective assistance of counsel claim in state court, and the California

24 Supreme Court was provided with a fair opportunity to pass on the claim.  Thus, this claim is

25 exhausted.

26                **4.**        **Probation Condition Prohibiting Marcus from Practicing Dentistry**

27

28       [5] The Court's dismissal of this claim does not depend on whether the claim is exhausted,
however, because, as discussed below, the claim also does not allege a violation of federal law.

The fourth claim from the federal Petition that the Government argues is unexhausted is that the probation condition prohibiting Marcus from practicing dentistry violated state law. MTD at 5. Marcus's state habeas petition lists this claim in the "Statement of Issues," stating, "the probation condition prohibiting Dr. Marcus from practicing dentistry violates his Constitutional rights, injures his patients, harms his family and must be tailored to protect the state interest in reformation and rehabilitation." Id. Ex. 9, Brief at 3. The only other reference Marcus's state petition makes to this claim is that he "has been stripped of his license to practice dentistry by the Dental Board of California." Id. at 12. He provides no further specifics. However, in Marcus's federal Petition, he provides more details:

> At sentencing . . . the Judge imposed as a condition of probation that Appelland [sic] not practice as a dentist. Appellant has demonstrated that the test falls within the test established in People v. Burden (1988) 205 Cal.App.3d 1277. The court has the discretion to impose restrictive conditions. . . . A sentencing court's discretion is broad. In re Bushman (1970) 1 Cal.3d 767, 776. . . . The court could limit his practice to male patients. People v. Keefer (1973) 15 Cal.App.3d 156, 168–69 involved a probation condition preventing defendant from engaging in the business of selling furnaces and thus is entirely distinguishable from Dr. Marcus's case.

Pet. at 29.

Assuming that the factual description in the state petition is sufficient to meet the factual basis requirement, one cannot raise only the facts supporting his claim. "The constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. See Picard, 404 U.S. at 277. Here, Marcus only made a general statement referencing "Constitutional rights." See MTD Ex. 9 Brief at 3. General statements of broad constitutional principles are insufficient for exhaustion. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2004). It is not even clear if Marcus is referring to the United States Constitution or the California Constitution. Therefore, he did not provide the California Supreme Court with the opportunity to pass on a federal claim. This claim is unexhausted.

### 5.    Requirement That Marcus Register as a Sex Offender

The fifth claim from the federal Petition that the Government argues is unexhausted is that the requirement that Marcus register as a sex offender was contrary to a California Supreme Court decision. MTD at 5. Marcus's state habeas petition lists this claim in the "Statement of Issues," stating that "requiring a person convicted of sexual battery to register pursuant to Penal Code

United States District Court
For the Northern District of California

Section 290 but not to require the same of one convicted of oral copulation with a minor violates the constitution's Equal Protection Clause." <u>Id.</u> Ex. 9, Brief at 3.  Marcus references the sex offender registration three more times in his state petition: "Dr. Marcus had to go to trial because his license was at stake, due to conduct alleged and mandatory Penal Code Section 290 registration," MTD Ex. 9, Brief at 7; "Dr. Marcus has served his sentence but he is required to register as a sex offender under Penal Code Section 290 for life," <u>id.</u> at 12; and "Petitioner is unlawfully sentenced . . . and must register as a sex offender for the rest of his life," <u>id.</u> at 3.  The first reference to Penal Code Section 290 is in the context of Marcus's ineffective assistance of counsel claim based on his waiver of a jury trial.  <u>Id.</u> at 7.  The second and third references are in the context of Marcus's sentence and do not cite a particular federal law that he alleges was violated.  Nonetheless, Marcus did write on the state's standard pleadings form ("MC-275 Petition for Writ of Habeas Corpus"), "14th ammendment [sic] violation of constitutional requirement of equal protection under the law re 290 registration."  MTD Ex. 9, MC-275 at 3.

The federal Petition also states "Requiring a person convicted of sexual battery to register pursuant to Penal Code Section 290 but not to require the same of one convicted or oral copulation with a minor violates the constitution's Equal Protection Clause."  Pet. at 3.  It further argues that "Petitioner Michael Marcus's conviction . . . is unlawful and unconstitutional in violation of his constitutional rights guaranteed by the . . . Fourteenth Amendments to the United States Constitution."  Pet. at 12.

Because Marcus fairly presented to the California Supreme Court his claim that his sex offender registration violated the Fourteenth Amendment, it is exhausted.

**B.    Failure to State Federal Constitutional Claim**

A federal court considering a habeas petition by a state prisoner is limited to violations of the federal Constitution or certain federal laws of the United States.  28 U.S.C. § 2254 (a).  A federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  <u>See</u> <u>Swarthout v. Cooke</u>, 131 S. Ct. 859, 861–62 (2011); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991); <u>Peltier v. Wright</u>, 15 F.3d 860, 861–62 (9th Cir. 1994).  The Government contends in this case that three of the five claims should be dismissed for failure to

state a federal constitutional claim: (1) that the alleged touchings of the complaining witnesses were minimal; (2) that Count Three violated the statute of limitations; and (3) that the probation condition prohibiting Marcus from practicing dentistry violated state law.  MTD at 6.  Marcus did not address this argument in his Opposition.  See generally Opp'n; Reply to Opp'n at 9.

### 1.    Alleged Touchings Were Minimal

In Marcus's federal Petition, Marcus contends that the alleged touchings of the complaining witnesses were minimal.  Pet. at 23–24.  The Government asserts that Marcus did not cite the federal constitutional provisions in support of this claim, nor present any argument explaining how his federal constitutional rights were violated.  MTD at 7.  In light of the Court's finding that this is a part of Marcus's ineffective assistance of counsel claim, the Court concludes that it does raise a federal claim.

### 2.    Statute of Limitations

Marcus's federal Petition contends that Count Three violated the applicable one year statute of limitations.  Pet. at 5.  Specifically, Marcus argues that California Penal Code Section 802 prohibited his prosecution because the statute of limitations had expired.  Id. at 31.  He also argues that the prosecution failed to meet its burden to prove that the offense occurred after August 18, 2004.  Id. at 30.  Marcus, citing to a California state case, People v. Le, 82 Cal. App. 4th 1352 (Cal. Ct. App. 2000), asserts that the conviction for Count Three must be reversed or returned to the trial court because a dispute over the statute of limitations must be strictly construed in Marcus's favor. Id. at 30–31.

Unlike the state petition, where Marcus complains about the statute of limitations in the context of ineffective assistance of counsel, MTD Ex. 9 at 8, 11, the federal Petition complains only about state law, see Pet. at 27–28.  The Government is correct that habeas relief does not lie for errors of state law.  Estelle, 502 U.S. at 67; see also Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (finding federal habeas relief "unavailable for alleged error in the interpretation or application of state law").  It is not the province of a federal habeas court to reexamine state court determinations on state law questions.  Estelle, 502 U.S. at 67–68.  A state court's interpretation of state law is accepted, and alleged errors in the application of state law are not cognizable in federal

United States District Court
For the Northern District of California

1   habeas corpus.  <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1997).  Because Marcus alleges a

2   violation of state law and does not state how this claim violates a specific federal constitutional

3   right, Marcus fails to raise a federal claim and the claim is DISMISSED.

4           **3.**      **Probation Condition Prohibiting Marcus from Practicing Dentistry**

5         Marcus's federal Petition contends that the "probation condition prohibiting Dr. Marcus

6   from practicing dentistry violates his Constitutional rights."  Pet. at 5.  Marcus does not explicitly

7   state which "Constitutional rights" were violated and whether they are federal or state constitutional

8   rights.  Marcus does cite to three California cases which establish that California courts have broad

9   discretion in imposing restrictive conditions to foster rehabilitation and to protect public safety.  <u>Id.</u>

10  at 32.  <u>People v. Burden,</u> 205 Cal. App. 3d 1277, 1281. (Cal. Ct. App. 1988) discusses a

11  "constitutional right" to employment, but it is referring to state constitutional rights.

12        Federal courts may intervene only to correct wrongs of federal constitutional dimensions.

13  <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982).  Here, Marcus broadly uses the term "constitutional

14  rights" and does not state specific provisions of the United States Constitution.  A federal

15  constitutional claim can be presented by citation to state cases analyzing the federal issue.

16  <u>Peterson</u>, 319 F.3d at 1158.  However, here the cases cited purely apply California state law.

17  Alleged errors in the application of purely state law are not cognizable in federal habeas corpus,

18  and therefore Marcus failed to raise a cognizable federal claim.  The claim is DISMISSED.

19      **C.**     **Equitable Tolling**

20        Finally, Marcus asserts that if the Court finds that his federal Petition is a mixed petition of

21  exhausted and unexhausted claims, it allow him equitable tolling to amend and exhaust the

22  unexhausted claims in the California Supreme Court.  Opp'n at 5.

23        In his Opposition, Marcus does not provide a sufficient basis for tolling, but the Court need

24  not address this issue because, although a mixed petition exists, the unexhausted claims are further

25  dismissed for failing to state a federal claim in Marcus's federal Petition.

26

27

28

**D.      CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.  The claim that Count Three violated the statute of limitations and the claim that the probation condition preventing Marcus from practicing dentistry violated state law are dismissed both for failure to exhaust and for failure to raise a federal claim.  The remaining claims are not dismissed.  The Government shall file with the Court and serve on Marcus, within **thirty (30) days** of the issuance of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing § 2254 Cases, showing cause why a writ of habeas corpus should not be granted. If Marcus wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on the Government within thirty (30) days of service of the Government's answer.

**IT IS SO ORDERED.**

Dated: August 11, 2015

CHARLES  R. BREYER

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

13