IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MICHAEL MARCUS,<br><br>        Petitioner, | No. C14-03769 CRB<br><br>**ORDER GRANTING MOTION TO STAY** |

Petitioner Michael Marcus filed a "Petition for New Discovery" requesting permission to file a new habeas claim, or to add an amended claim to his pending habeas petition, and to stay his case until he exhausts the new claim in state court. Mot. (dkt. 19) at 4. For the reasons discussed below, the Motion is GRANTED.

## I. BACKGROUND

The Appellate Division of the Santa Clara County Superior Court of California summarized the facts of this case as follows in People v. Marcus, No. 112AP001214, 2013 (Cal. App. Dep't Super. Ct. June 18, 2013).

On May 31, 2005, the Santa Clara District Attorney's Office filed a misdemeanor complaint against Petitioner, charging him with one count of sexual battery and one count of annoying or molesting a child. Ex. 1 (dkt. 14). On August 19, 2005, the District Attorney filed a first amended complaint, adding three more counts of sexual battery involving two additional victims. Ex. 2 (dkt. 14). Petitioner pled not guilty and waived his right to a jury. Petition (dkt. 1) at 3. After a bench trial, the court found Petitioner guilty of all five counts. Ex. 3 (dkt. 14). The evidence at trial demonstrated that, in his capacity as a dentist and during dental procedures, Petitioner inappropriately touched, and in one instance made inappropriate comments about, the breasts of several female patients. Id. Petitioner's motion for a new trial was denied, and on November 4, 2011, Petitioner was sentenced to four months in county jail, three months of electronic monitoring, and three years of probation.

1  Ex. 4 (dkt. 14). The court also ordered Petitioner to register as a sex offender and prohibited
2  him from practicing dentistry starting on November 28, 2011. Id. Petitioner has served his
3  state court sentence and remains on probation. Mot. at 1.

4  Petitioner's appeal to the Appellate Division of the Santa Clara County Superior Court
5  was unsuccessful and judgment was affirmed on June 18, 2013. Ex. 6 (dkt. 14).

6  On July 23, 2013, the Appellate Division of the Santa Clara County Superior Court
7  further denied Petitioner's petition for "Rehearing or in the Alternative to Transfer Matter to
8  the Court of Appeal." Ex. 7 (dkt. 14).

9  On August 2, 2013, Petitioner filed a petition in the California Court of Appeal,
10  asking for his appeal to be transferred; that petition was denied on August 19, 2013. Ex. 8
11  (dkt. 14).

12  Petitioner, through his counsel, filed in this Court a petition for writ of habeas corpus
13  on August 19, 2014, challenging his misdemeanor conviction and sentence. Petition (dkt. 1).
14  Petitioner presented six claims in his "Statement of Issues": (1) ineffective and incompetent
15  assistance of counsel; (2) count III violated the one year statute of limitations; (3) counsel
16  fraudulently induced him to waive his right to a jury; (4) the probation condition prohibiting
17  Petitioner from practicing dentistry violates his Constitutional rights; (5) the requirement that
18  Petitioner register as a sex offender violates the Equal Protection Clause; and (6) the illegal
19  physical touching described by the complaining witnesses was ambiguous. Id. at 5–6.
20  Petitioner included "Points of Authorities" discussing the following seven claims: (1)
21  ineffective assistance of counsel for failing to investigate defense witnesses provided by
22  Petitioner; (2) ineffective assistance of counsel by fraudulently inducing Petitioner to waive a
23  jury trial; (3) the alleged touchings of the complaining witnesses were minimal; (4) count III
24  violated the statue of limitations; (5) defense counsel failed to present expert evidence that
25  Petitioner was not a sexual predator; (6) the probation requirement prohibiting Petitioner
26  from working as a dentist violates the law; and (7) trial court improperly ordered Petitioner to
27  register as a sex offender in violation of the Equal Protection Clause. Id. at 18–33.

28  On August 21, 2014, Petitioner, through his counsel, filed a petition for writ of habeas

corpus in the California Supreme Court for purposes of exhausting state remedies. Ex. 9 (dkt. 14). Petitioner presented the same six claims listed in the "Statement of Issues" here. Ex. 8 (dkt. 14). On October 22, 2014, the Supreme Court of California denied Petitioner's state petition for writ of habeas corpus. Ex. 9 (dkt. 14).

On May 4, 2015, Respondent Michele J. Swanson replied to the habeas petition by filing a motion to dismiss. Mot. to Dismiss (dkt. 14). This Court partially granted and partially denied the motion on August 11, 2015. Order (dkt. 18).

On August 25, 2015, Petitioner filed a pro per "Petition for New Discovery," requesting permission to file a new habeas claim or an amended claim to the pending habeas petition, and to stay his case until he had exhausted the new claim in state court. Mot. at 4. The basis for this new motion is Petitioner's discovery of news articles about the investigating officer in his case, Detective Matthew Christian, having possibly fabricated evidence and committed perjury in another case—the 2006 Santa Clara Superior Court case of People v. Kerkeles.[1] Id. at 2. In the Kerkeles case, which predated Petitioner's trial, Detective Christian allegedly either forgot or deliberately misrepresented evidence. Kerkeles v. City of San Jose, 199 Cal. App. 4th 1001, 1017 (Cal. App. Ct. 2011) ("[W]hether Christian forgot or deliberately misrepresented the findings of the crime lab (an issue that was clearly in dispute) is independent of the question of whether the alleged harm was caused by inadequate training amounting to deliberate indifference by the City."). Petitioner contends that the prosecution never turned over any information about Detective Christian's apparent misconduct and that Petitioner would have used such information in his trial. Mot. at 4. Respondent filed an "Opposition to Motion for Stay" on September 24, 2015. Opp'n (dkt. 26). On October 19, 2015, Petitioner filed a reply. Reply (dkt. 31) at 4.

## II.   LEGAL STANDARD

Federal district courts may not adjudicate mixed petitions containing both exhausted and unexhausted claims for habeas corpus. Rhines v. Weber, 544 U.S. 269, 273 (2005).

---

[1] Petitioner attaches the appeal from Kerkeles v. City of San Jose to his Reply, but he does not include any record of People v. Kerkeles. See Ex. B (dkt. 31).

1  When a petitioner has not exhausted his state remedies before filing a federal habeas petition,
2  a district court may hold the federal petition in abeyance, issue a stay of execution, and allow
3  the petitioner an opportunity to exhaust his state remedies. Greenawalt v. Stewart, 105 F.3d
4  1268, 1274 (9th Cir. 1997). A stay must be compatible with the purposes of the
5  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rhines, 544 U.S. at
6  276. To serve AEDPA's purposes of reducing delays in the execution of state and federal
7  criminal sentences, the statute requires total exhaustion of claims in state court first as well as
8  a one year limitations period. Id. Stay and abeyance should be available only in limited
9  circumstances. Id. at 277.

### III. DISCUSSION

Petitioner seeks to file an amended habeas petition with a new, unexhausted claim alleging that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs, 427 U.S. 97 (1976), and Kyles v. Whitley, 514 U.S. 419 (1995), by failing to disclose potential impeachment evidence about Detective Christian. Mot. at 3. Respondent argues that Detective Christian did not testify at trial and that Petitioner's request should be denied because his claim is untimely and meritless. Opp'n at 3.

There are two procedures for stay and abeyance of federal habeas petitions. See Kelly v. Small, 315 F.3d 1063, 1070–71 (2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007); Rhines, 544 U.S. at 277. Although Petitioner does not specify whether he is seeking a stay under Kelly or Rhines, the Court has considered both and concludes that a Kelly stay is appropriate here.

Kelly sets forth a three step stay-and-abeyance procedure in which: (1) the prisoner amends his mixed petition to remove the unexhausted claims; (2) the district court stays and holds in abeyance the amended and fully exhausted petition; and (3) the prisoner re-amends his petition to add the newly-exhausted claims after litigating them in state court. 315 F.3d at 1070–71. Rule 15(c) of the Federal Rules of Civil Procedure may allow the amended pleading, including newly exhausted claims, to "relate back" to the date of the original filing.

4

1 Anthony v. Cambra, 236 F.3d 568, 575–78 (9th Cir. 2000).  A petitioner seeking to use the
2 Kelly procedure will be able to amend his unexhausted claims back into his federal petition
3 once he has exhausted them only if those claims are determined to be timely.  King v. Ryan,
4 564 F.3d 1133, 1140–41 (9th Cir. 2009).

5      Respondent argues that Petitioner's motion fails under Kelly because his unexhausted
6 claim is untimely.  Opp'n at 4.[2]  Indeed, a one year limitations period applies to applications
7 for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.
8 28 U.S.C. § 2244(d)(1).  The limitations period runs from "the date on which the judgment
9 became final by the conclusion of direct review or the expiration of the time for seeking such
10 review."  § 2244(d)(1)(A).  Here, Petitioner's state proceedings became final on August 19,
11 2013, when the California Court of Appeal denied his request to transfer his appeal.
12 Cal. R. Ct. 8.1018(a) ("If the Court of Appeal denies transfer of a case from the appellate
13 division of the superior court after the appellate division certifies the case for transfer or after
14 a party files a petition for transfer, the denial is final immediately.").  Petitioner filed the
15 instant motion on August 25, 2015, which exceeds the August 19, 2014 expiration of the
16 limitations period.  Mot. at 4.

17      Although Petitioner did not file this motion within the § 2244(d)(1) limitations period,
18 Rule 15(c) allows an amendment to "relate back" to the date of the original pleading where
19 the amendment "arose out of the conduct, transaction, or occurrence" set forth in the original
20 pleading.  Fed. R. Civ. P. 15(c)(2).  A petitioner may amend a new claim after the expiration
21 of the limitations period only if the new claim shares a "common core of operative facts"
22 with the claims in the pending petition, not simply because it arises from "the same trial,

---

[2] Petitioner asserts that he only discovered the articles discussing Detective Christian's activities in the Kerkeles case on or around March 10, 2015.  Mot. at 2.  Respondent argues that Petitioner's discovery is untimely because the articles were published in December 2007 and April 2013, and Petitioner could have discovered them earlier.  Opp'n at 5–6.  Respondents' untimeliness argument, although unpersuasive as to a Kelly stay, carries more weight in connection with a Rhines stay.  A Rhines stay requires that a petitioner demonstrate that he "had good cause for his failure to exhaust."  See Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014).  Petitioner does not offer a reasonable excuse for why he could not have discovered the articles earlier.  The Court therefore cannot find that there is "good cause" for the first prong of Rhines.  See Blake, 745 F.3d at 982.  But there is no comparable "good cause" requirement for a Kelly stay.  See Opp'n at 4–5; King, 564 F.3d at 1040 (holding that availability of Kelly procedure "is not premised upon a showing of good cause.").

5

conviction, or sentence." King, 564 F.3d at 1141.

Petitioner argues that his defense counsel at trial could have used the evidence of Detective Christian's alleged misconduct in Kerkeles to question Christian's credibility. Mot. at 4. Specifically, Petitioner asserts that the defense could have asked Detective Christian "to explain why the complaining witnesses' 'minimal vague touching allegations' ha[d] evolved into 'fondling, breast grabbing and squeezing.'" Id. He contends that the evidence about Detective Christian in the other case is relevant to whether Detective Christian might have coached the complaining witnesses in this case to change "their stories from 'vague touching allegation' to overt sexual impropriety." Reply at 5. Thus, Petitioner asserts that this new proposed claim relates back to his original claim that the "alleged touchings were minimal." Id.; Petition at 23. The Court agrees that, so characterized, the new claim appears to relate back and therefore appears to be timely.

Respondent also argues that the claim is meritless, as Christian did not testify in Petitioner's trial. Opp'n at 5. The Court will not now reach the merits of a claim that is not properly before it, and about which there is nothing in the record, except to say that the Court cannot conclude that it is obviously without merit. See Milke v. Ryan, 711 F.3d 998, 1012 (9th Cir. 2013) (finding that the facts of an investigating officer's misconduct would have been useful to a jury trying to decide whether the officer or defendant was telling the truth); United States v. Flores, No. CR 08-0730 WHA, 2011 WL 1100137, at *1 (N.D. Cal. Mar. 24, 2011) (the courts' focus should not be on whether a witness testifies, but on whether the evidence is material to guilt or innocence).

## IV. CONCLUSION

Because the Court has determined that Petitioner's proposed, unexhausted claim may relate back under Rule 15(c) to the date of the original federal habeas petition filing on August 19, 2014, Petitioner's claim appears to be timely.[3] See King, 564 F.3d at 1140–41. Pursuant to Kelly, the Court will stay the fully-exhausted petition and will hold it in abeyance

---

[3] Respondent may again raise the untimeliness argument when Petitioner returns from state court and seeks to add the newly-exhausted claim to his federal petition. The Court's holding today is only that Petitioner has made a sufficient showing to warrant a stay.

6

while Petitioner proceeds to state court to exhaust the new claim alleging a Brady/Giglio violation in connection with the prosecution's failure to disclose impeachment material about Detective Christian. Once the new claim has been exhausted in state court, Petitioner may return to this Court and seek to amend his federal petition to include the newly-exhausted claim. See Kelly, 315 F.3d at 1070–71.

**IT IS SO ORDERED.**

DATED: November 3, 2015      _____
CHARLES R. BREYER
United States District Judge